# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ALFRED MULLINS                                                                                      PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:05cv105

AMERICAN FAMILY ASSURANCE COMPANY
OF COLUMBUS AND TIMMY BULLARD                                        DEFENDANTS

## ORDER

This cause comes before the court on the motion of plaintiff Alfred Mullins, pursuant to 28 U.S.C. § 1447, to remand **[5-1]** this case to the Circuit Court of Montgomery County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is an insurance bad faith case arising out of defendant American Family Assurance Company's (AFLAC) denial of plaintiff's claims for insurance benefits in connection with a workplace injury which he allegedly suffered. Plaintiff alleges that AFLAC was non-responsive to his repeated demands for benefits, and, feeling aggrieved, he filed suit in the Circuit Court of Montgomery County on August 11, 2005. On September 9, 2005, defendants removed the case to this court on the basis of diversity jurisdiction, *see* 28 U.S.C. §§ 1332, and plaintiff responded with a timely motion to remand.

In asserting that diversity jurisdiction exists in this case, AFLAC argues that no reasonable possibility of recovery exists against the non-diverse defendant Timmy Bullard and that, as such, this defendant, who was the AFLAC agent who dealt with plaintiff in the processing of his claim, should be dismissed from this action upon a finding of fraudulent/improper joinder. The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper

due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In arguing that Bullard was fraudulently joined in this case, defendants' task is made considerably more difficult by the Fifth Circuit's recent decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004). A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. It is accordingly plain, in light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to the plaintiff's allegations than had commonly been assumed.

Considered in the context of this rather permissive standard, this court concludes that defendant has failed to demonstrate that no reasonable possibility of recovery exists against the non-diverse defendant Bullard. Plaintiff alleges, and hopes to prove through discovery, that Bullard exercised gross negligence in failing to properly forward to AFLAC the claims which plaintiff submitted to him for processing. Plaintiff asserts that AFLAC represented to him that it had never received some of the claims which plaintiff alleges to have given to Bullard, and plaintiff asserts that this fact indicates that he may well have a claim against Bullard for gross negligence. In the court's view, these allegations at least raise a reasonable possibility that plaintiff might be able to establish a claim against Bullard personally under Mississippi law. *See Jenkins v. Farmington Casualty Company*, 979 F. Supp. 454, 457 (S.D. Miss. 1997)(agent may be held personally liable for gross negligence). While it seems very possible that discovery will reveal that no such claim for gross negligence is, in fact, properly asserted against Bullard, the court can not conclude at this stage of the proceedings that such is the case. The court therefore concludes that diversity of citizenship is lacking, and this case is therefore due to be remanded.

It is therefore ordered that plaintiff's motion to remand [5-1] is granted, and this case is hereby remanded to the Circuit Court of Montgomery County.

**SO ORDERED**, this 19thday of June, 2006.

    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**